IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Application of Zetwerk India Manufacturing Businesses Private Limited pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | ) ) ) ) ) ) Case No. _____ |

**APPLICATION FOR AN ORDER TO CONDUCT DISCOVERY
<u>FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782</u>**

Petitioner Zetwerk India Manufacturing Businesses Private Limited ("**Petitioner**" or "**Zetwerk**"), respectfully asks this Court to grant the Order, attached as **Exhibit A** to this Application, granting Petitioner leave, pursuant to 28 U.S.C. § 1782 and Rules 26 and 45 of the Federal Rules of Civil Procedure, to serve Ayr Energy, Inc. ("**Ayr Energy**"), a Delaware Corporation, with the subpoena attached to this Application as **Exhibit B**. In support thereof, Petitioner states as follows.

This Application is brought by Petitioner for the purpose of obtaining necessary discovery in aid of a foreign proceeding against a former employee filed by Petitioner on April 23, 2025, in an action captioned *Zetwerk India Manufacturing Businesses Private Limited v. Anirudh Reddy Edla and Zetwerk Manufacturing USA Inc.*,[1] filed before the Court of the Additional City Civil and Sessions Judge at Bengalaru (the "**Indian Proceedings**"). *See* Memorandum of Law in Support of *Application for an Order to Conduct Discovery for use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782* at 7. Petitioner alleges that this former employee, Mr. Anirud Reddy

---

[1] Under Indian law, a "proper party" is one against whom no relief is necessarily sought, but whose presence is required for the complete and effective adjudication of the matter. Zetwerk U.S. has been added as a proper party to the Indian proceedings because Edla misappropriated Zetwerk India's confidential information during his employment with Zetwerk U.S. Although Zetwerk U.S. has neither suffered any harm (to qualify as a plaintiff) nor caused any harm (to be treated as a necessary party in the conventional sense), its presence is indispensable for the complete and effective adjudication of the dispute. Accordingly, it has been joined as a proforma defendant.

Edla ("**Edla**"), misappropriated, misused, and unlawfully disseminated Petitioner's proprietary and confidential material for his own personal benefit and for the benefit of certain third parties. *Id*. at 1.  This has allowed Petitioner's competitors to engage in unfair competition, and harmed Petitioner's business.

Petitioner is an Indian company located in Bangalore, India, that provides end-to-end manufacturing and supply chain solutions to companies worldwide.  *Id* at 1.  Petitioner manufactures products through its own facilities but also uses subcontractors and other suppliers. *Id.* at 1–2.  Petitioner's growth and market position are a direct result of its proprietary and confidential business strategies, developed through substantial financial, technological, and human capital investments.  *Id.* 2.  This includes, but is not limited to, internal research and development data, pricing strategies, supplier and customer lists, financial models, manufacturing techniques, and strategic business plans.  *Id.*  These assets are critical to Petitioner's competitive advantage, and any unauthorized disclosure or misuse would allow competitors to replicate its strategies, undercut its pricing, and disrupt established supplier and customer relationships, causing severe and irreparable harm to Petitioner's market position, operational stability, and financial interests. *Id.*

As a result, Petitioner has implemented comprehensive confidentiality safeguards, including stringent internal policies.  *Id.*  In addition, Petitioner has also incorporated explicit confidentiality clauses in all employment agreements and offer letters, which require its employees to maintain the strictest confidentiality regarding all documents, records, and information related to Petitioner's business operations, including supplier lists, financial and technical data, vendor relationships, business forecasts, and strategic opportunities.  *Id.*  The employment agreements and

offer letters also prohibit Petitioner's employees from misusing Petitioner's confidential information, and also restrain them from disclosing such information to third parties. *Id.*at 2–3.

On March 1, 2019, Edla began working for Petitioner as "Director – Strategic Initiatives," a position in which he remained until January 9, 2023. *Id.* at 3. Per the terms of Edla's appointment letter (and addendum thereto) (the "**Appointment Letter**"), he was contractually bound to maintain the highest degree of confidentiality concerning Petitioner's business operations. *Id.* In particular, the Appointment Letter stated, in relevant part:

> Clause 10 (Confidentiality)
>
>> You must always maintain the highest degree of confidentiality and keep as confidential the records and documents and other confidential information relating to the business of the Company, which includes, without limitation any procurement requirements, purchasing, manufacturing, customer lists, financial and technical data, vendors, vendor lists, business forecasts and opportunities, sales and merchandising, marketing plans and information regarding the business or operations of the Company or its clients, which may be known to you or confided in you by any means and you will use such information only in a duly authorized manner in the interest of the Company. You shall comply with all of the Company's instructions for preserving its confidentiality and use confidential information only in furtherance of the Company's business. You further declare that you shall not use the confidential information for your use and personal gain or disclose the same to any third party.

*Id.* Additionally, given his designation and role at Petitioner, Edla was also bound by fiduciary obligations that heightened the duty of care owed to Petitioner and required him to act in Petitioner's best interests (by protecting and preserving confidential information), and to refrain from misusing, transferring, or disclosing it—whether during the course of his employment or after his resignation—for any unauthorized purpose, among other things. *Id.*

Edla was entrusted with significant responsibilities critical to Petitioner's business operations, such as identifying and evaluating growth opportunities, overseeing procurement strategies, managing vendor and customer relationships and formulating strategic business plans,

*inter alia* for our energy-related products and solutions (including, transporters, switchgear and breakers). *Id.* at 3–4. In the discharge of these duties, Edla was granted unrestricted access to Petitioner's highly sensitive confidential information, including trade secrets and technical know-how, pricing lists, and customer and supplier data. *Id.* at 4. Such access was given to Edla strictly within the scope of his employment and under the conditions of confidentiality outlined in the Appointment Letter. *Id.*

On December 26, 2022, Edla executed an employment letter (the "**U.S. Employment Letter**") with Petitioner's U.S. subsidiary, Zetwerk Manufacturing USA, Inc. ("**Zetwerk U.S.**"). *Id.* Edla officially transitioned to that role on January 10, 2023, and remained with the company until February 2025. *Id.* He was appointed Business Head of Zetwerk U.S. *Id.* In that role, Edla was entrusted with substantial responsibilities, including identifying opportunities for growth, managing procurement, handling vendor and customer relationships, and developing business strategies. *Id.* The decision to transition Edla to Zetwerk U.S. was based entirely on the trust and confidence placed in him because of his seniority within Petitioner's organization, and with the expectation that Edla would continue to act in Petitioner's best interests and uphold the highest standards of integrity in the performance of his duties. *Id.*

Per the terms of the U.S. Employment Letter, Edla was explicitly obligated to maintain strict non-disclosure of Zetwerk U.S.'s proprietary information (or confidential information concerning the business and operations of Zetwerk U.S.). *Id.* at 5. He was also prohibited from engaging in any employment, occupation, consulting, or business activities related to the Petitioner's business, or any future business Petitioner might enter. *Id.* Additionally, Edla was restricted from participating in any activities that could conflict with his obligations to Zetwerk U.S., including the protection of its confidential information. *Id.*

In or around February 2025, Petitioner learned from one of its suppliers that Edla (sometime in 2024) approached that supplier on behalf of Ayr Energy to procure the services of the supplier for Ayr Energy. *Id.* At that time, Edla was undoubtedly aware that Petitioner procured materials through a meticulously cultivated network of suppliers at negotiated costs secured through long-standing business relationships built over the years. *Id.* Despite this knowledge, Edla exploited Petitioner's confidential information, including supplier lists, to further his own unlawful interests. *Id.* Edla, who had no independent access to such data outside of his employment relationship with Petitioner, could not have obtained this information but for his employment with Petitioner. *Id.*

In 2024 and 2025, Petitioner was seeking to acquire a power-components manufacturing company (the "**Power Components Company**") engaged in the business of supply of transformer raw materials. *Id.* Petitioner had been negotiating with the Power Components Company for an extended period and had conducted extensive due diligence, market analysis, and financial assessments—deploying significant resources and strategic planning into this potential acquisition. *Id.* at 5–6. Edla, by virtue of his prior employment with the Zetwerk entities, was privy to this highly confidential information. *Id.* at 6.

Not coincidentally, Petitioner—sometime in February 2025, which is when Edla stopped working for Zetwerk U.S.—learned that Edla, through Ayr Energy, was also targeting the Power Components Company for an acquisition. *Id.* On March 10, 2025, Edla sent an email to Petitioner using his Ayr Energy email (anirudh@ayr.energy) and proposed a strategic purchase of the Power Components Company. Although the Power Components Company's existence was publicly known, critical details such as the timing, valuation, due diligence findings, and Petitioner's strategic interest in acquiring the Power Components Company constituted highly confidential

business intelligence. *Id.* This confidential information was accessible to Edla solely through his prior association with Zetwerk, and in the absence of such association, he had no independent means of gaining access to that information. *Id.*

As a result of this conduct, Petitioner undertook a forensic investigation into Edla's systems, from the period of September 2024 (when Ayr Energy was incorporated) through March 2025. *Id.* The investigation showed that Edla deliberately deleted approximately 800 emails from his server right before his departure from employment at the various Zetwerk entities. *Id.* On the same day as the deletion, Edla downloaded over 250 files from the Zetwerk company server. Petitioner is thus conducting an even more extensive forensic investigation to determine the full scope and extent of Edla's wrongdoing. *Id.*

Petitioner intends to use the discovery sought here to support the civil claims brought against Edla in the Indian Proceedings. Based upon the Declaration of John Tharian Thaliath and the exhibits attached thereto, and the accompanying Memorandum of Law to this Application, Petitioner respectfully requests that the Court grant this Application.

### A.    **Discovery Sought**

In connection with the Indian Proceedings, Petitioner seeks discovery from Ayr Energy of the following categories of documents through this Application: :

1.    All communications with Edla prior to the date he was hired by You and/or associated with You.

2.    All non-privileged documents relating to the Power Components Company, including all communications with the Power Components Company.

3.    All non-privileged documents relating to Zetwerk, its subsidiaries, related entities (excluding any direct communications with Zetwerk).

4.    All documents Edla provided to You.

5.     All agreements, including but not limited to employment agreements, You have executed with Edla, including any addenda, annexes, exhibits, or other similar documents pertaining to the terms and conditions of Edla's employment with You.

6.     All communications between you and Zetwerk's suppliers relating to the negotiation of any agreement, pricing, or other business relationship, including (but not limited to) all executed agreements and purchase orders with these suppliers.

7.     All internal communications relating to Edla, including but not limited to Your rationale for hiring Edla.

*See id.* ¶ 24 & Ex. B.

Zetwerk seeks these documents to obtain information Edla provided to Ayr Energy; what information Ayr Energy and Edla were using in its negotiations with and discussions about the Power Components Company; how Ayr Energy would have used information received from Edla; precisely what materials Edla provided to Ayr Energy; whether Edla was being compensated for transmitting Petitioner's proprietary and confidential information, and other aspects of the Edla's new employment relationship that could relate to Petitioner and its business, customers, and strategies; whether Ayr Energy and Edla were using pricing and other information regarding Petitioner (including whether Ayr Energy and/or Edla were masquerading as Zetwerk affiliates) to obtain preferential pricing or any other undue benefits from Petitioner's supplier; and whether Edla was trading on Petitioner's confidential information; and what Edla had promised Ayr Energy if he was hired.

**B.    Petitioner's Application Should Be Granted**

Petitioner meets all the statutory criteria for the issuance of an order allowing the requested discovery under 28 U.S.C. § 1782.  Ayr Energy is located in this District.  Petitioner seeks to use the requested discovery in the pending Indian Proceedings.  The discovery sought is necessary to support and provide evidence for Petitioner's claims against Edla.  Moreover, as set forth in

Petitioner's Memorandum of Law filed concurrently herewith, all of the discretionary factors that this Court may consider likewise favor granting this Application.

Accordingly, Petitioner respectfully requests that the Court (a) grant this Application; (b) enter the Proposed Order; (c) grant Petitioner leave, pursuant to 28 U.S.C. § 1782, to serve the subpoena attached to this Application as Exhibits B; and (d) grant any and all other further relief to Petitioner as deemed just and proper.

Dated: May 7, 2025                          BAKER & HOSTETLER LLP

                                            */s/ Jeffrey J. Lyons*
                                            Jeffrey J. Lyons (#6437)
                                            1201 North Market Street, Suite 1407
                                            Wilmington, DE 19801
                                            (302) 407-4222
                                            jjlyons@bakerlaw.com

                                            *Counsel for Zetwerk India Manufacturing Businesses Private Limited*