IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: APPLICATION OF ZETWERK INDIA MANUFACTURING BUSINESS PRIVATE LIMITED PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | ) ) ) ) ) ) ) No. 25-567-JLH-SRF |

**MEMORANDUM ORDER**

At Wilmington, this 4th day of March 2026:

WHEREAS, Magistrate Judge Sherry R. Fallon issued a Memorandum Order on August 13, 2025 (D.I. 28), denying the application of Petitioner Zetwerk India Manufacturing Businesses Private Limited for an order pursuant to 28 U.S.C. § 1782 to conduct discovery for use in a foreign proceeding (the "Application");

WHEREAS, Petitioner filed the Application in support of an action filed on April 23, 2025, by Petitioner before the Court of the Additional City Civil and Sessions Judge at Bengalaru (the "Indian Proceeding") against a former employee, Mr. Anirud Reddy Edla ("Edla");

WHEREAS, on August 27, 2025, Petitioner filed objections to the August 13, 2025 Memorandum Order (D.I. 31), arguing that Judge Fallon incorrectly applied the discretionary *Intel* factors in assessing Petitioner's Application, *see Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004);

WHEREAS, on September 10, 2025, Respondent Ayr Energy, Inc., a non-party to the Indian Proceeding, responded to Petitioner's objections (D.I. 32); and

WHEREAS, neither side objects to Judge Fallon's conclusion that the statutory requirements of § 1782 are satisfied;

WHEREAS, I have reviewed the parties' submissions and assessed the discretionary *Intel* factors *de novo*;[1]

NOW, THEREFORE, IT IS HEREBY ORDERED that, for the reasons stated below, Petitioner's Objections (D.I. 31) are OVERRULED and Petitioner's Application is DENIED.

1. The Court writes primarily for the parties and assumes familiarity with Petitioner's Application and the proceedings before Judge Fallon.

2. The *Intel* factors are "(1) whether the evidence sought is within the foreign tribunal's jurisdictional reach, and thus accessible absent section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States; (4) whether the subpoena contains unduly intrusive or burdensome requests." *In re O'Keeffe*, 646 Fed. App'x 263, 266 (3d Cir. 2016) (citing *Intel*, 542 U.S. at 264–65).

3. When assessing the first factor, it is the foreign court's "jurisdictional reach" that matters, "not simply whether the party from whom discovery is sought is a participant to the foreign proceedings." *SPS Corp I, Fundo de Investimento em Direitos Creditorios Nao Padronizados v. General Motors Co.*, 110 F.4th 586, 592 (3d Cir. 2024). Petitioner argues that

---

[1] The Third Circuit has not decided whether a magistrate judge's decision on a § 1782 application is "dispositive"—meaning that it should be issued as a "Report and Recommendation" to the district judge and reviewed *de novo*, *see* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. Proc. 72(b)—or "nondispositive"—meaning that it may be ordered by the magistrate judge and may be reconsidered by the district court judge only when it is clearly erroneous or contrary to law. *See Arcelik A.S. v. E.I. DuPont de Nemours & Co.*, 856 F. App'x 392, 396 n.6 (3d Cir. 2021) (acknowledging that "the majority of district courts to consider this question have determined § 1782 orders are non-dispositive"). Out of an abundance of caution, the Court applies the heightened *de novo* standard.

the first factor supports it because Respondent is not a party to the foreign proceeding and because the foreign court lacks jurisdiction over Respondent. Petitioner further argues that Judge Fallon implicitly imposed an exhaustion requirement on Petitioner that is contrary to law.

4. I disagree that Judge Fallon imposed an implicit exhaustion requirement. And I agree with Judge Fallon that the first *Intel* factor slightly supports Respondent. As Judge Fallon appropriately recognized, Petitioner can likely obtain the discovery it needs for the foreign proceeding from Edla, who is a party to that proceeding. And, on this record, I am unpersuaded by Petitioner's suggestion that, because it doesn't know what Edla took, Petitioner needs to engage in a fishing expedition with Respondent.

5. Petitioner next contends that Judge Fallon wrongly concluded that the second *Intel* factor is neutral. Petitioner's argument seems to be that since Respondent bears the burden under the second factor, it must support Petitioner. I disagree. Nevertheless, I'll assume for purposes of the argument only that the second factor favors Petitioner.

6. Petitioner next contends that Judge Fallon wrongly concluded that the third *Intel* factor favored Respondent. As discussed above in connection with the first *Intel* factor, and contrary to Petitioner's assertions, Judge Fallon did not improperly read an exhaustion or "quasi-exhaustion" requirement into its analysis of the third *Intel* factor. Judge Fallon expressly—and correctly—observed that "[Petitioner] is not required to exhaust all potential discovery procedures in the Indian Proceeding." (D.I. 28 ¶ 20.) That said, the Court can consider "a perception that [Petitioner] has 'side-stepped' less than favorable discovery rules by resorting immediately to § 1782" in its analysis of the third *Intel* factor. *In re Selman*, No. 23-895-CJB, 2024 WL 1092025, at *8 (D. Del. Mar. 13, 2024) (internal quotation marks and citation omitted). For the

reasons explained by Judge Fallon, I agree that the third *Intel* factor weighs against granting the Application.

7.    "[A]ssessment of the fourth [*Intel*] factor is virtually identical to the familiar 'overly burdensome' analysis" under the Federal Rules of Civil Procedure, which means that courts permit "discovery that appears reasonably calculated to lead to the discovery of admissible evidence." *In re Glob. Energy Horizons Corp.*, 647 F. App'x 83, 86 (3d Cir. 2016) (alteration adopted and quotation marks omitted). I agree with Judge Fallon that the fourth *Intel* factor favors Respondent. Many of Petitioners' document requests ask for production of "all documents" or "all communications." (D.I. 27, Ex. 4.) I find that the Application contains requests that are unduly intrusive, burdensome, and not relevant to the parties' claims in the Indian Proceeding, and that the Application amounts to a fishing expedition.

8.    The overarching theme of Petitioner's objections is that Judge Fallon erred by not trimming Petitioner's requests to something more reasonable. I disagree. Although Judge Fallon twice ordered the parties to meet and confer to discuss narrowing the requests, Petitioner represented that no further trimming was possible. (*See, e.g.*, D.I. 26; D.I. 27 at 3.) The scope of the requests remains overbroad and unduly burdensome for the reasons explained by Judge Fallon. The Court will exercise its discretion to decline to narrow Petitioner's requests.[2]

---

[2] *See Intel*, 542 U.S. at 265 ("[U]nduly intrusive or burdensome requests may be rejected or trimmed."); *In re Ex Parte Energy Horizons Corp.*, 647 F. App'x 83, 87 (3d Cir. 2016) ("We realize, of course, that the district court could have modified the [request], however, it was under no obligation to do so."); *see also, e.g.*, *In re Oasis Fund LP*, No. 22-mc-112, 2022 WL 17669119, at *14 (S.D. Cal. Dec. 14, 2022) ("Nor is it the Court's responsibility to attempt to itself narrow these overbroad requests to the scope of the [foreign] Proceeding. While the Court is certainly aware that it has the authority and discretion to do so, in this instance, the requests are simply too overbroad for the Court to engage in the process."); *In re Application for Discovery for Use in Foreign Proc. Pursuant to 28 U.S.C. § 1782*, No. 17-4269, 2019 WL 168828, at *14 (D.N.J. Jan. 10, 2019) ("These requests, however, are facially and almost universally overbroad. In such a case, where nearly every request is unduly expansive, the Court is not required to take over the

9.      I fully understand that § 1782 contains no requirement that the applicant first seek the desired discovery in the foreign forum or first attempt to obtain the information through a letter rogatory.  I also know that the Court need not predict what the Indian court would do with a request for the same discovery sought by the Application.  But the Court does have discretion to deny this Application.  Having reviewed the discretionary *Intel* factors *de novo*, the Court finds the balance of all four discretionary *Intel* factors weighs against granting Petitioner's Application and exercises its discretion to deny the Application.

                                                _____
                                                The Honorable Jennifer L. Hall
                                                UNITED STATES DISTRICT JUDGE

---

drafting.  It is one thing to seek U.S. judicial assistance in serving a subpoena; it is another to make a kitchen-sink discovery request . . . and delegate responsibility to the U.S. tribunal to sort it out."); *In re Judicial Assistance Pursuant to 28 U.S.C. § 1782 by Macquarie Bank Ltd.*, No. 14-797, 2015 WL 3439103, at *9 (D. Nev. May 28, 2015) ("When a party chooses to serve overly broad discovery, it runs the risk that the discovery will be denied outright without an opportunity to narrow it.").